UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **DEHVIN ROSE,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION OF THE** |
| | ) **FEDERAL FAIR DEBT COLLECTION** |
| vs. | ) **PRACTICES ACT** |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC** | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**PARTIES**

4. Plaintiff, Dehvin Rose ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Clallam, and City of Port Angeles.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. Prior to June 2012, Plaintiff had been making payments to Defendant regarding a personal Bank of America/FIA Card Services, N.A. credit card account ending in 2453 (the "Account").

12. Plaintiff called Defendant on June 19, 2012.

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

13. During the June 19, 2012 conversation, Plaintiff inquired about the remaining balance of the Account and Defendant asserted that the Account had a balance of $946.29.

14. During the June 19, 2012 conversation, Plaintiff disputed the $946.29 balance.

15. Following Plaintiff's dispute of the balance, Defendant told Plaintiff to contact its legal department.

16. Plaintiff called Defendant on June 25, 2012.

17. During the June 25, 2012 conversation, Plaintiff again inquired about the remaining balance of the Account and Defendant asserted that the Account had a balance of $74.30.

18. On June 26, 2012, Plaintiff received written communication from Defendant dated June 18, 2012.

19. The June 18, 2012 letter stated, in relevant part:

This letter is to remind you of a payment that you authorized by phone with respect to the above-referenced account. Details of the transaction are as follows:

Payment Amount:    $125.00
Check Date:        6/25/2012
Check Number:      30
Drawn On:          6/25/2012.

(See June 18, 2012 Letter, attached hereto as Exhibit A).

20. Plaintiff called Defendant on June 26, 2012, and at such time, Plaintiff spoke with Defendant's agent and/or employee "Rosie Layne" ("Ms. Layne").

21. During the June 26, 2012 conversation, Ms. Layne asserted that the Account had a balance of $44.00.

22. During the June 26, 2012 conversation, Plaintiff again disputed the amount of the balance and was subsequently transferred to Defendant's agent and/or employee "Donelle."

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

23. During the June 26, 2012 conversation, "Donelle" told Plaintiff that there were two remaining payments due on the Account: one for $125.00 and another for $44.00.

24. During the June 26, 2012 conversation, "Donelle" told Plaintiff that Defendant would be deleting Plaintiff's account.

25. Defendant sent Plaintiff written communication dated June 26, 2012 stating, in relevant part:

Balance Due: $ 0

Dear DEHVIN ROSE:

Cavalry Portfolio Services, LLC is in receipt of your correspondence regarding the above-referenced account. Please be advised that we are closing the above referenced account.

(See June 26, 2012 Letter, attached hereto as Exhibit B).

26. Plaintiff did not make any payments to Defendant during the month of June 2012.

27. As such, Defendant falsely represented the amount of Plaintiff's debt on June 19, 2012, June 25, 2012, and/or June 26, 2012, when Defendant asserted no less than four different Account balances, despite Plaintiff not making any payments on the Account and the Account having a balance of $0.00.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the amount of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 31st day of October, 2012.

s/Jon N. Robbins
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1
2
866-565-1327 facsimile
jrobbins@attorneysforconsumers.com
Attorneys For Plaintiff

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com